Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WOLFES & VON ETZDORF
ASSECURANZBUREAU OHG a/s/o AGRICOLA
CERRO PRIETO S.A.

        23 Civ.

    Plaintiff,

  - against –                            **COMPLAINT**

MSC MEDITERRANEAN SHIPPING COMPANY
S.A.

    Defendant.
------------------------------------------------------------X

    Plaintiff, WOLFES & VON ETZDORF ASSECURANZBUREAU OHG a/s/o Agricola Cerro Prieto S.A. by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which provides for jurisdiction in this District for cargo shipments that transit through the United States.

**PARTIES**

2. At all material times, WOLFES & VON ETZDORF ASSECURANZBUREAU OHG (hereinafter "WVE" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at Oberhafenstrasse 1, Hamburg 20097, Germany, and is the subrogated underwriter of a consignment of Fresh Blueberries, as more specifically described below.

3. At all material times, Agricola Cerro Prieto S.A. (hereinafter "ACP" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at Call Dean Valdivia 111, Lima, Peru and was the owner/shipper of a consignment of Fresh Blueberries, as more specifically described below.

4. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "MSC" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 700 Watermark Blvd, Mt. Pleasant, South Carolina 29464, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**RELEVANT FACTS**

6. On or about October 8, 2021, a consignment consisting of 5,600 Cartons Fresh Blueberries, laden in refrigerated container OTPU 6064092, then being in good order and condition, was delivered to MSC and/or its agents in Paita, Peru by cargo shipper ACP. The cargo

was booked for transit on board the M/V MAERSK NEWARK in Paita destined for Philadelphia, Pennsylvania, all in consideration of an agreed upon freight, and in consideration of MSC maintaining a supply air temperature of - 1.0°C at all times, all pursuant to MSC bill of lading MEDUL6368459 dated October 8, 2021.

7. Thereafter the container was loaded on board the M/V MAERSK NEWARK on or about October 8, 2021, the aforementioned MSC bill of lading was issued and the vessel sailed for her intended destination.

8. The container was discharged in Philadelphia on October 30, 2021, five days beyond the scheduled arrival of the vessel.

9. Upon review of the temperature data it was determined that MSC negligently failed to maintain proper temperatures during transit, noting that on at least two occasions between October 16 and October 20, 2021 the ambient temperature increased to at least 9.8°C, causing the cargo to fail the USDA Cold Treatment protocol.

10. On November 5, 2021 the cargo was delivered to the designated receiver and the cargo was determined to be in a damaged state due to temperature abuse, the delayed transit and delayed delivery.

11. As a result of the temperature abuse in transit, the consignments were not in the same good order and condition as when received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

12. The damage to the cargoes was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

13. The fair market value of the cargo at destination was $149,800.00. Plaintiff was able to salvage the cargo for $48,872.60, resulting in cargo damages in the amount of $100,927.40.

14. As a result of the foregoing, Plaintiff suffered damages in the amount of $100,927.60.

15. At all times relevant hereto, a contract of insurance for property damage was in effect between ACP and WVE, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Fresh Blueberries.

16. Pursuant to the aforementioned contract of insurance between ACP and WVE, monies have been expended on behalf of ACP to the detriment of WVE due to the damages sustained during transit.

17. As WVE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, WVE has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

18. ACP has, in addition, assigned the deductible portions of the claim to WVE.

19. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $100,927.40.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 19, inclusive, as if herein set forth at length.

21. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail,

keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

22. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $100,927.40.

24. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $100,927.40.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $100,927.40 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
January 24, 2023
289-304

**CASEY & BARNETT, LLC**
Attorneys for Plaintiff

By: *Martin Casey*
Martin F. Casey
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225